1    UNITED STATES DISTRICT COURT

2    DISTRICT OF NEVADA

3    ANTHONY K. ANDERSON,                          Case No.  2:21-cv-00514-APG-EJY

4         Plaintiff,

5         v.                                        **ORDER**
                                                    **and**
6    STATE OF NEVADA, *et al*.,              **REPORT AND RECOMMENDATIONS**

7         Defendants.                        RE:  Notice of Removal (ECF No. 1-1) and
                                             Ex Parte Motion for Appointment of Counsel
                                             (ECF No. 1-2)
8

9    **I.      DISCUSSION**

10        On March 29, 2021, Plaintiff, an inmate in the custody of the Nevada Southern Detention

11   Corrections Center ("NSDCC"), submitted an application to proceed *in forma pauperis* together with

12   a Notice of Motion for Removal and Ex Parte Motion for Appointment of Counsel.  ECF Nos. 1, 1-

13   1, 1-2.  Plaintiff has not submitted this Court's proper form application to proceed *in forma pauperis*

14   for an inmate.

15        Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to commence a

16   civil action in this Court may apply to proceed *in forma pauperis*, which allows the inmate to file

17   the civil action without prepaying the full $402 filing fee.  To apply for *in forma pauperis* status,

18   Plaintiff must submit all three of the following documents to the Court:

19        (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, on this Court's

20        approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),

21        (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official

22        (i.e. page 4 of this Court's approved form), and

23        (3) a copy of the **inmate's prison or jail trust fund account statement for the previous**

24        **six-month period**.  If Plaintiff has not been at the facility a full six-month period, Plaintiff

25        must still submit an inmate account statement for the dates he has been present at the facility.

26        Because Plaintiff's application to proceed *in forma pauperis* is incomplete, it is denied

27   without prejudice.  The Court grants Plaintiff a **one-time extension** to file a fully complete

28

1    application to proceed *in forma pauperis* containing all three of the required documents.  Plaintiff

2    must file a fully complete application to proceed *in forma pauperis* on or before **June 11, 2021**.

3    Absent unusual circumstances, the Court will <u>not</u> grant any further extensions of time.  If Plaintiff

4    is unable to file a fully complete application to proceed *in forma pauperis* with all three required

5    documents on or before **June 11, 2021**, the Court will recommend this case be dismissed <u>without</u>

6    <u>prejudice</u> for Plaintiff to file a new case with the Court when Plaintiff is able to acquire all three of

7    the documents needed to file a fully complete application to proceed *in forma pauperis*.

8           A dismissal <u>without prejudice</u> means Plaintiff does not give up the right to refile the case

9    with the Court, under a new case number, when Plaintiff has all three documents needed to submit

10   with the application to proceed *in forma pauperis*.  Alternatively, Plaintiff may choose not to file an

11   application to proceed *in forma pauperis* and instead pay the full filing fee of $402 on or before **June**

12   **11, 2021** to proceed with this case.

13          In addition to the incomplete *in forma pauperis* application, Plaintiff failed to file a coherent

14   complaint identifying a cause of action upon which relief may be granted.  "When determining

15   whether a complaint states a claim, a court must accept as true all allegations of material fact and

16   must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d

17   443, 447 (9th Cir.2000).  The Court has a duty to liberally construe a pro se's pleadings, *see Karim–*

18   *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988), which is "particularly

19   important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992).  In giving

20   liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential

21   elements of claims that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673

22   F.2d 266, 268 (9th Cir.1982).

23          Further, in order for Plaintiff to state a 42 U.S.C. § 1983 claim he must allege facts

24   demonstrating two essential element: (1) that a person acting under color of state law committed the

25   conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity

26   protected by the Constitution or laws of the United States.  *Nelson v. Campbell*, 541 U.S. 637, 643

27   (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).  Here, the Court finds

28

that Plaintiff's filing, not titled a "complaint," even when liberally construed, fails to state such a claim. Federal Rule of Civil Procedure 8(a)(1) and (2) provide that in order to state a claim for relief a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's filing, while short, is incoherent. It is unclear what relief Plaintiff seeks from this Court, whom he seeks to hold responsible, and whether the issues are ones over which the Court has jurisdiction.

## II.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice, which allows Plaintiff to file a new <u>fully complete application</u> to proceed *in forma pauperis* by an inmate with all three documents.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that on or before **June 11, 2021**, Plaintiff shall either pay the full $402 filing fee for a civil action (which includes the $350 filing fee and the $52 administrative fee) or file with the Court:

> (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),
>
> (2) a **Financial Certificate** properly signed by both Plaintiff and a facility official (i.e. page 4 of this Court's approved form), and
>
> (3) a copy of **Plaintiff's trust fund account statement for the previous six-month period**.

IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before **June 11, 2021**, the Court will recommend dismissal of this action <u>without prejudice</u> for

1  Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three

2  documents needed to file a complete application to proceed *in forma pauperis* or pays the the full

3  $402 filing fee.

4  **III.    RECOMMENDATION**

5          IT IS HEREBY RECOMMENDED that Plaintiff's filings of Notice of Removal and Ex Parte

6  Motion for Appointment of Counsel (ECF Nos. 1-1, 1-2) be dismissed without prejudice.  Plaintiff

7  shall have until **June 11, 2021**, to file an amended complaint to correct the noted deficiencies.  If

8  Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior

9  pleading (i.e., the original complaint) in order to make the amended complaint complete.  This is

10 because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-

11 1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.

12 Once a plaintiff files an amended complaint, the original complaint no longer serves any function in

13 the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

14 involvement of each Defendant must be sufficiently alleged.

15         IT IS FURTHER RECOMMENDED that failure to timely file an amended complaint that

16 addresses the deficiencies noted in the above discussion will result in dismissal of Plaintiff's action

17 without prejudice.

18

19         Dated this 13th day of April, 2021.

20

21 _____

22 ELAYNA J. YOUCHAH
   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

- 4 -

1

**<u>NOTICE</u>**

2          Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

3   in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has

4   held that the courts of appeal may determine that an appeal has been waived due to the failure to file

5   objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

6   held that (1) failure to file objections within the specified time and (2) failure to properly address

7   and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

8   factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

9   1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28