UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY K. ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF NEVADA, *et al.*,<br><br>  Defendants. | Case No. 2:21-cv-00514-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: First Amended Complaint (ECF No. 8) |

Before the Court is Plaintiff's First Amended Complaint ("FAC") which the Court screens pursuant to 28 U.S.C. § 1915A(a).

**I.      The Screening Standard**

When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the

complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In this case, the Court reviewed the allegations in the 193 pages that comprise Plaintiff's FAC to determine whether Plaintiff states a claim that may proceed against any of the eleven individually named defendants. ECF No. 8. Overall, the Court found no claim that survives this review. Plaintiff's pleading repeatedly alleges violations of Titles I, II, and III of the Americans with Disabilities Act ("ADA" or the "Act"), the Eighth Amendment prohibition against cruel and unusual punishment, and the Fourteenth Amendment Due Process and Equal Protection clauses. Each of these claims fails for the reasons stated below.

**II.    Plaintiff's First Amended Complaint**

   A.    The Americans with Disabilities Act Claim.

Only Title II of the ADA applies to prisons and incarcerated persons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998).[1] Thus, to the extent Plaintiff alleges violations of Titles I or III of the ADA, the Court recommends these claims be dismissed with prejudice.

Further, a plaintiff cannot vindicate rights created by Title II of the ADA by asserting claims against defendants in their individual capacities under 42 U.S.C. § 1983. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Instead, the proper defendant in a Title II claim is the public entity responsible for the alleged discrimination. *United States v. Georgia*, 546 U.S. 151, 153-54 (2006).[2]

Here, even though the caption of Plaintiff's FAC includes the State of Nevada Department of Corrections (sometimes the "Department"), Plaintiff only lists individual defendants. ECF No. 8 at 3-6. A review of the FAC confirms Plaintiff does not assert allegations against the Department,

---

[1] *Zimmerman v. Oregon Dept. of Justice*, 170 F.3d 1169, 1178 (9th Cir. 1999) (employment disputes, whether arising from public or private employment, are brought under Title I of the ADA); 42 U.S.C. § 12182 (Title III, which applies to discrimination by places of public accommodation).

[2] To the extent Plaintiff seeks to bring a claim under Section 504 of the Rehabilitation Act, his claim also fails under § 1983. Like the ADA, the Rehabilitation Act does not impose liability on individuals. *Valenzuela v. Masoon*, 730 Fed.Appx. 524, 525 (9th Cir. Jul 2018) (citing *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("The ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs.")); *Vinson*, 288 F.3d at 1156.

but instead alleges many different individuals, employed by the Department, engaged in wrongdoing under the ADA.

To the extent Plaintiff's ADA allegations pertain to inadequate medical care they also fail to state a claim because Title II of the ADA does not address receipt of medical care. *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021-22 (9th Cir. 2011), *overruled on other grounds by Castro v. City of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."). That is, Title II of the ADA protects against discrimination with regard to the provision of the benefits of a prison's "services, programs, or activities on account of a prisoner's disability." *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 909 (9th Cir. 2013). As stated by the U.S. District of Nevada "allowing prisoners to utilize the ADA as a cause of action for not receiving medical treatment is simply making 'an end run around the Eighth Amendment.'" *Rivera v. Dzurenda*, Case No. 2:19-cv-00961-JAD-BNW, 2020 WL 1695486, at *2 (D. Nev. Apr. 7, 2020) (internal citations omitted).

In contrast to the above, Plaintiff's Fourteenth Amendment claim alleges that he was denied the opportunity to earn work credits towards his sentence in violation of his due process rights. ECF No. 8 at 115-117. Properly interpreted, this is not a constitutional claim, but an ADA Title II claim. To state this claim, Plaintiff must plead facts demonstrating that he was excluded from a work credit program offered by the Department of Corrections because of his disability. Specifically, Plaintiff must allege "(1) that he has a disability; (2) that he is otherwise qualified for the employment or benefit in question; and (3) that he was excluded from the employment or benefit due to discrimination solely on the basis of the disability." *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir.1995). However, Plaintiff's FAC does not presently assert such allegations the Court was able to find. Neither Defendants nor the Court are required to search through documents to try to ascertain Plaintiff's claims that are not clearly specified in the pleadings.[3]

---

[3] *Sileoni v. IDOC Staff Health Providers*, Case No. 1:21-cv-00023-BLW; 2021 WL 1759267, at *3 and *3 n.1 (D. Id. May 4, 2021).

Thus, for the reasons stated above, the Court recommends dismissing Plaintiff's Title II ADA claims without prejudice and with leave to amend. The Court finds that Plaintiff may be able to revamp his Title II ADA claim to state, in short plain paragraphs, factual allegations identifying a service, program, or activity from which he was excluded by the Nevada Department of Corrections because of his disability.

B.   Plaintiff's Eighth and Fourteenth Amendment Claims.

1.   Plaintiff's FAC fails to state an Eighth Amendment Claim.

To state an Eighth Amendment violation, Plaintiff "must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). As recently explained by the Ninth Circuit in *Edmo v. Corizon, Inc.*, 949 F.3d 489, 495 (9th Cir. 2020):

> We have stated that a deliberately indifferent state of mind may be inferred when the course of treatment the doctors chose was medically unacceptable under the circumstances and "they chose this course in conscious disregard of an excessive risk to plaintiff's health. … Yet even most objectively unreasonable medical care is not deliberately indifferent. [M]ere indifference, negligence, or medical malpractice is not enough to constitute deliberate indifference. … Even gross negligence is insufficient to establish deliberate indifference .... Likewise, [a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.

(Internal quote marks and citations omitted.) Thus, deliberate indifference at the very least requires that a prison official be conscious of an excessive risk to a prisoner's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk of health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Plaintiff's FAC repeatedly refers to various administrative regulations with which the prison in which he is housed allegedly fails to comply. *See* ECF No. 8 at 7-8. Plaintiff also alleges that a doctor from whom he received care does not have a medical license. *Id.* at 8. Plaintiff refers to

numerous interactions with prison healthcare personnel and a request for accommodation, but Plaintiff does not clearly identify what accommodation he allegedly requested, whether it was denied or why it was denied. *Id*. at 9-14. Importantly, Plaintiff also fails to allege facts that support a claim for cruel and unusual punishment based on the denial of an ADA accommodation. *Id*. Plaintiff refers to potential inadequate medical care; however, he does not include facts that sufficiently allege "deliberate indifference to [his] serious medical needs" constituting "the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Instead, Plaintiff pleads disagreement with medical decisions made and medication prescribed. ECF No. 8 at 71-78.

In Plaintiff's Claim 4, Plaintiff alleges a violation of his Eighth Amendment rights because of dangerous and unsafe confinement conditions arising from COVID-19. ECF No. 8 at 153 and 189. As stated above, an Eighth Amendment claim requires a showing that the Bureau of Prisons ("BOP") is acting with "deliberate indifference to serious medical needs of prisoners" and "ignoring the possible dangers posed by exposure to" COVID-19. *Helling v. McKinney*, 509 U.S. 25, 36-37 (1993); *Wallis v. Baldwin*, 70 F.3d 1074, 176-77 (9th Cir. 1995). Plaintiff's FAC does not include sufficient and discernable facts alleging that the BOP is ignoring the dangers presented by COVID-19 or acting with deliberate indifference. Rather, Plaintiff provides bits and pieces of articles, incomplete filings from the Eighth Judicial District Court, a declaration, and some less than fully coherent argument in support of this claim. ECF No. 8 at 153-187.

The Court does not doubt, based on Plaintiff's submission, that Plaintiff suffers from a real illness that *may* place him at greater risk from COVID-19. However, Plaintiff does not explain how any one of the defendants acted with deliberate indifference to his serious medical needs or ignored danger posed to Plaintiff by COVID-19. Plaintiff fails to allege facts that suggest any defendant had the presence of the mental state necessary to state an Eighth Amendment Claim. It is "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834 (internal quotation marks, emphasis, and citations omitted). "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind,'" which is

one of "deliberate indifference" to inmate health or safety. *Id.* Even applying a liberal construction of Plaintiff's allegations, the FAC cannot reasonably be read to allege facts supportive of deliberate indifference.

In the absence of an understandable short and plain statement of Plaintiff's claim showing that he is entitled to some form of relief under the Eighth Amendment the Court finds Plaintiff does not state an Eighth Amendment cruel and unusual punishment claim arising from medical issues. However, the Court finds that the morass that is Plaintiff's Eighth Amendment medical deliberate indifference claim may be revised to potentially state a cause of action. Therefore, the Court recommends dismissing Plaintiff's Eighth Amendment medical deliberate indifference claim without prejudice and with leave to amend.

          2.     *Plaintiff's Fourteenth Amendment Claims*.

          **A.**     **Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999).

A review of Plaintiff's FAC demonstrate that he suffers from an illness (Kimura's disease) that qualifies as a disability and, therefore, Plaintiff is a member of a protected class. However, there is no occasion the Court could find in which Plaintiff identified a properly named defendant who allegedly acted with "intent or purpose to discriminate" against him based on his disability.[4] While

---

[4] The Court is not required to hunt for the potential proverbial pearl of information in Plaintiff's 193 pages of information. *U-Haul of Nevada, Inc. v. Gregory J. Kramer, Ltd.*, Case No. 2:12-cv-00231-KJD-CWH, 2013 WL 4505800, at *2 (D. Nev. Aug. 21, 2013).

the Court reviewed Plaintiff's 193 page FAC, the Court found insufficient facts stating a legally cognizable Equal Protection claim.

### B. Due Process – ADA Discrimination

The law is clear that prisoners do not have a protected liberty interest in their classification status. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Thus, to the extent Plaintiff brings a Fourteenth Amendment Due Process claim based on his classification within the prison in which he is housed, his claim fails as a matter of law.

However, a prisoner may state Fourteenth Amendment Due Process claim by alleging a liberty deprivation or a lack of procedural due process. *McRorie v. Shimoda,* 795 F.2d 780, 784 (9th Cir.1986). A review of Plaintiff's Due Process allegations, which starts on page 115 and concludes on page 150, does not state such a claim. In fact, as stated *supra*, to the extent Plaintiff's claim alleges that he was denied the opportunity to earn work credit towards his sentence in violation of his Fourteenth Amendment Due Process rights (*see* ECF No. 8 at 115-17), this is not a constitutional claim, but a potential claim under Title II ADA.

Accordingly, the Court recommends that Plaintiff's Fourteenth Amendment Equal Protection and Due Process claims be dismissed without prejudice. Further, because the Court believes it is possible for Plaintiff to potentially state these claims, the Court recommends Plaintiff be granted leave to amend.

### III. Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's First Amended Complaint (ECF No. 8) be dismissed **with prejudice** to the extent Plaintiff alleges violation of Title I and III of the Americans with Disabilities Act.

IT IS FURTHER RECOMMENDED that Plaintiff's claims under Title II of the Americans with Disabilities Act against individual defendants be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claims under Title II of the Americans with Disabilities Act, insofar as he seeks to assert a claim against the Nevada Department of Corrections, be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourteenth Amendment Due Process claim based on his classification status be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Eighth and Fourteenth Amendment Equal Protection claim be dismissed with prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be granted leave to amend his complaint to restate claims dismissed without prejudice.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file a second amended complaint to correct the legal and factual deficiencies identified herein, Plaintiff must do so no later than **July 2, 2021**.

IT IS FURTHER RECOMMENDED that Plaintiff be advised that if he chooses to file a second amended complaint, the second amended complaint must be complete in and of itself. That is, the Court cannot and will not refer to Plaintiff's First Amended Complaint, and no facts or law asserted in the First Amended Complaint will be considered when the Court screens the second amended complaint.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file a second amended complaint, the second amended complaint be limited to 25 pages in length including any exhibits thereto.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to abide by the terms of this Report and Recommendation, the Court dismiss this action in its entirety without prejudice.

Dated this 7th day of June, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

# NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).