# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY K. ANDERSON, | Case No.: 2:21-cv-00514-APG-EJY |
| Plaintiff | **Order (1) Accepting Reports and Recommendations, and (2) Referring Plaintiff to Pro Bono Program** |
| v. | |
| STATE OF NEVADA, et al., | [ECF Nos. 4, 13, 16, 17] |
| Defendants | |

On April 13, 2021, Magistrate Judge Youchah recommended that I dismiss plaintiff Anthony Anderson's notice of removal (ECF No 1-1) with leave to amend. ECF No. 4. Anderson objected. ECF No. 6. Although somewhat difficult to understand, it appears Anderson contends that he could not prepare an amended complaint because the Supreme Court of Nevada refused to return materials to him in an appeal and those were his only copies of those documents.

Despite contending he could not prepare an amended complaint, Anderson subsequently filed a first amended complaint. ECF No. 8. I therefore overrule his objection to the first report and recommendation.

Judge Youchah screened the first amended complaint and recommended that I dismiss it for failure to state a claim, with leave to amend certain claims. ECF No. 13. She also recommended that if I grant leave to amend, that Anderson be limited to 25 pages including exhibits. Anderson did not object and instead filed a second amended complaint. ECF No. 14. Because Anderson did not object, I am not obligated to conduct a de novo review of the report and recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is

made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)).

  Anderson also filed two motions for appointment of counsel. ECF Nos. 16, 17. Instead of appointing counsel, I will refer this case to the Pro Bono Program (Program) adopted in General Order 2017-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Anderson. The scope of appointment will be for all purposes through the conclusion of trial. By referring this case to the Program, I am not expressing an opinion as to the merits of the case. If counsel accepts this case, they should file a notice of appearance and may request an extension of the September 24, 2021 deadline.

  **I THEREFORE ORDER** that Magistrate Judge Youchah's reports and recommendations (ECF Nos. 4, 13) are accepted. The following claims are dismissed with prejudice:

  -Title I and III of the Americans with Disabilities Act (ADA),

  -Title II of the ADA against individual defendants, and

  -the Fourteenth Amendment due process clause based on his classification status.

The following claims are dismissed without prejudice and with leave to amend:

  -Title II of the ADA against the Nevada Department of Corrections,

  -Eighth Amendment for deliberate indifference to his medical needs, and

  -Fourteenth Amendment equal protection.

  **I FURTHER ORDER** that Judge Youchah's recommendation that any amendment be limited to 25 pages including exhibits is accepted. Because Anderson has already filed two proposed amended complaints that violate that requirement, I deny amendment as to the second

amended complaint (ECF No. 14) and the proposed third amended complaint (ECF No. 18-1). However, I grant Anderson leave to amend to correct the deficiencies identified in Judge Youchah's report and recommendation and to comply with this order. Anderson must file his second amended complaint limited to the claims identified above that are dismissed without prejudice. And the complaint must not exceed 25 pages in length, including exhibits. Failure to file a second amended complaint **by September 24, 2021** may result in dismissal of this action without prejudice.

Anderson is advised that if he chooses to file a second amended complaint, it must be complete in and of itself. That is, the court cannot and will not refer to the first amended complaint or any other document on file, and no facts or law asserted in the first amended complaint or any other document on file will be considered when the court screens the second amended complaint.

**I FURTHER ORDER** that Anderson's motions for appointment of counsel **(ECF Nos. 16, 17) are denied**. This case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

**I FURTHER ORDER** the clerk of court to forward this order to the Pro Bono Liaison.

DATED this 3rd day of August, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE