McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Katherine J. Gordon
Nevada Bar No. 5813
  *katherine.gordon@mccormickbarstow.com*
Cheryl A. Grames
Nevada Bar No. 12752
  *cheryl.grames@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:    (702) 949-1100
Facsimile:    (702) 949-1101

Attorneys for Defendant
George Timothy Kelly, M.D.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY K. ANDERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS; HENRY LANDSMAN, M.D. an individual; ROMEO ARANSAS, M.D., an individual; REBECCA KOZLOFF, an individual; SONYA CARRILLO, R.N., an individual; GEORGE TIMOTHY KELLY, M.D., an individual,<br><br>Defendants. | Case No. 2:21-cv-00514-CDS-EJY<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(SECOND REQUEST)** |

DEFENDANT GEORGE TIMOTHY KELLY, M.D. ("Dr. Kelly"), PLAINTIFF ANTHONY K. ANDERSON ("Plaintiff"), and DEFENDANTS NEVADA DEPARTMENT OF CORRECTIONS, HENRY LANDSMAN, M.D., ROMEO ARANSAS, M.D., REBECCA KOZLOFF, and SONYA CARRILO, R.N. (collectively, the "NDOC Defendants"), by and through their respective counsel, and pursuant to LR IA 6-1 and LR 26-3, hereby request a ninety- (90) day extension of the discovery deadlines set forth in the Scheduling Order (ECF No. 97). The current Scheduling Order followed the Court's March 31, 2024 Order Granting Dr. Kelly's Motion to Dismiss (ECF No. 89). In its Order (which triggered the lifting of the stay of proceedings), the

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

Case No. 2:21-cv-00514-CDS-EJY
REQUEST TO STAY DISCOVERY DURING PENDENCY OF DEFENDANT DR. KELLY'S MOTION TO DISMISS (ECF NO. 66)

Court gave Plaintiff leave to amend his complaint again. (See ECF No. 89). Plaintiff filed his Third Amended Complaint on April 29, 2024 (ECF No. 93), and all defendants filed an Answer thereto (ECF Nos. 96 and 98).

## I.  DISCOVERY COMPLETED BY THE PARTIES

All parties served their initial disclosures and Dr. Kelly served a supplement to his initial disclosures. Plaintiff propounded written discovery on Dr. Kelly, and Dr. Kelly served his responses thereto. Dr. Kelly propounded written discovery on NDOC, and await NDOC's responses. Dr. Kelly has initiated the meeting and conferring process with NDOC as to an Fed. R. Civ. P. 30(b)(6) witness deposition, having transmitted proposed deposition topics. Counsel for Dr. Kelly and NDOC will confer shortly regarding those topics.

## II.  DISCOVERY WHICH REMAINS TO BE COMPLETED

The parties anticipate the following discovery is necessary to develop their respective theories of liability and defenses:

1. Dr. Kelly will depose the Fed. R. Civ. P. 30(b)(6) witness for NDOC after meeting and conferring regarding topics and timing. The parties anticipate there may be motion practice involved if they cannot reach agreement.
2. Plaintiff will supplement his initial disclosures with updated medical records for treatment subsequent to his incarceration and Plaintiff will provide executed authorizations to Dr. Kelly to obtain those records.
3. Subsequent to receipt of the updated medical records, Dr. Kelly will depose Plaintiff.
4. Plaintiff will depose Dr. Kelly.
5. Thereafter, the parties will serve their expert witness designations and conduct expert witness depositions.

## III.  REASON WHY DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMIT SET BY THE DISCOVERY PLAN

The parties have been working diligently and cooperatively since the stay of proceedings was lifted, and intend to continue doing so. When discussing how much time was needed for discovery, counsel for the parties did not fully appreciate at that time that there would be a need

obtain additional medical records from providers unaffiliated with NDOC, and that an Fed. R. Civ. P. 30(b)(6) witness deposition for NDOC would be needed to discuss its policies, procedures, and practices relevant to this action. Additionally, the parties are finalizing discussions regarding a settlement conference through the Court, and the logistics of finding availability for all counsel and all parties and the Court while summer vacations are underway is typically a challenging undertaking.

## IV. GOOD CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION

The parties have complied with the timeframe outlined by LR 26-3, as it is submitted more than 21 days before the expiration of the July 29, 2024 deadline for initial expert witness disclosures, which is the earliest discovery deadline the parties seek to extend by ninety (90) days. The parties have engaged in discovery, however, any expert discovery will be best and most meaningfully conducted following further written discovery and obtaining medical records. The parties therefore maintain that a 90-day extension of the existing discovery deadline dates is necessary to provide time to retain experts who will provide reports, and who are likely to be deposed. The extension will also accommodate the parties' discussions for finalizing agreement as to a settlement conference and coordinating the actual event, with the hope of minimizing fees and costs associated with retaining and deposing expert witnesses.

## V. THE CURRENT SCHEDULE FOR COMPLETION OF ALL REMAINING DISCOVERY:

The parties request that the pertinent discovery deadlines set forth in the Court's Scheduling Order be continued ninety (90) days, as follows:

A.  ESTIMATE OF TIME REQUIRED FOR DISCOVERY: Pursuant to Local Rule 26-1(b)(1), and with the Court's approval, discovery shall be completed on or before **December 23, 2024**.

B.  EXPERT WITNESS DISCLOSURES: Unless otherwise stated herein, and the Court so orders, the date for the parties to exchange initial expert witness disclosures shall be sixty (60) days prior to the discovery cut-off date, but not later than **October 24, 2024**, and rebuttal expert disclosures shall be thirty (30) days prior to the discovery cut-off date, but not later than **November**

1 **22, 2024.**

2     C. <u>DISPOSITIVE MOTIONS</u>: Unless otherwise stated herein, and the Court so orders, the date for filing dispositive motions shall be thirty (30) days after the discovery cut-off date, but not later than **January 22, 2025.**

5 / / /

6 / / /

7 / / /

8 / / /

9 / / /

10 / / /

11 / / /

12 / / /

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

D. **JOINT PRETRIAL ORDER**: The parties will submit the Joint Pretrial Order thirty (30) days after the dispositive motion deadline of **February 21, 2025**. If the Court does not issue its Order regarding the parties' dispositive motions within thirty (30) days, the deadline for the Joint Pretrial Order will be thirty (30) days after the Court issues its Order.

It is so stipulated and agreed:

| | |
|---|---|
| Dated: July 2, 2024 | Dated: July 2, 2024 |
| McCormick, Barstow, Sheppard, Wayte & Carruth LLP | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| By:     /s/ *Cheryl A. Grames*<br>Katherine J. Gordon<br>Nevada Bar No. 5813<br>Cheryl A. Grames<br>Nevada Bar No. 12752<br>8337 W. Sunset Road, Ste. 350<br>Las Vegas, NV 89113<br>Attorneys for Defendant George Timothy Kelly, M.D. | By:     /s/ *Elody C. Tignor*<br>Anthony L. Martin<br>Nevada Bar No. 8177<br>Elody C. Tignor<br>Nevada Bar No. 15663<br>10801 W. Charleston Blvd, Ste. 500<br>Las Vegas, NV 89135<br>Attorneys for Plaintiff Anthony K. Anderson |

Dated: July 2, 2024

Nevada Attorney General's Office

By:     /s/ *Kyle L. Hill*
Kyle L. Hill
Nevada Bar No. 16094
555 E. Washington Ave.
Las Vegas, NV 89101
Attorneys for Defendants Nevada Dept. of Corrections, Henry Landsman, M.D., Romeo Aransas, M.D., Rebecca Kozloff, and Sonya Carrilo, R.N.

**IT IS SO ORDERED.**

_____
United States Magistrate Judge

DATED this  4th  day of  July       , 2024.