UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY K. ANDERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF CORRECTIONS; HENRY LANDSMAN, M.D., an individual; ROMEO ARANAS, M.D., an individual; REBECCA KOZLOFF, an individual; SONYA CARRILLO, R.N., an individual; GEORGE TIMOTHY KELLY, M.D., an individual,<br><br>Defendants. | Case No. 2:21-cv-00514-CDS-EJY<br><br>**ORDER** |

## I.      Introduction

Pending before the Court is Defendants' Motion to Stay Discovery, which the Court has reviewed along with Plaintiff's Opposition and Defendants' Reply. ECF Nos. 113, 117, 118. Defendants contend a stay of discovery is proper because the pending Motion to Dismiss is dispositive of Plaintiff's claims, the Motion to Dismiss can be decided without conducting further discovery, and allowing discovery to proceed will result in "unnecessary expenditures." ECF No. 113 at 4. In his Opposition, Plaintiff argues there is no "good cause" for a stay because dismissal of Plaintiff's state court action did not deprive this Court of subject matter jurisdiction given there is "original jurisdiction" over the federal questions Plaintiff presents. ECF No. 117 at 5. Plaintiff further says Defendants have not otherwise met their burden to stay discovery based on the substantial delay in bringing the Motion to Dismiss. *Id*. The Motion, Opposition, and Reply are quite brief requiring the Court to examine the pending Motion to Dismiss in more detail in an effort to determine whether a stay is proper.

## II. Discussion

### A. The Applicable Standard.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically lead to a stay of discovery. *Id.*

Motions seeking to stay discovery pending the resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a stay of discovery bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, Case No. 2:12-cv-01859-LDG-NJK, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013), *citing Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012).

A review of the Court's decision in *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, Case No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152 (D. Nev. Oct. 10, 2012) is helpful to the Court. *Citing Liberty Media Holdings, LLC v. Letyagin*, Case No. 2:12-cv-00923-LRH-GWF, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012), the court in *KRD Trucking* found that the "pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved." 2012 WL 4846152, at *2.

### B. Defendants' Motion to Dismiss is Potentially Dispositive and Can Be Decided Without Conducting Discovery.

#### 1. *A challenge to subject matter jurisdiction is never waived*.

The timing of Defendants' Motions to Dismiss and to Stay Discovery is undoubtedly frustrating to Plaintiff—a sentiment understood given how long this case has been pending. That

said, well settled law establishes "[o]bjections to subject-matter jurisdiction … may be raised at any time." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (internal citation omitted). As explained in *Henderson*, a jurisdictional challenge may be made "after losing at trial" and "even if the party had previously acknowledged the trial court's jurisdiction." *Id*. at 434-35 (internal citation omitted). Thus, to the extent Plaintiff argues the challenge to jurisdiction is untimely, unduly delayed or otherwise without merit because of the history of this dispute in federal court, that argument fails to establish a basis for the undersigned to find the Motion to Dismiss is unlikely to be granted. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[s]ubject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived") (internal citation omitted).

          2.        *Defendants' Motion to Dismiss is Likely to Prevail*.

There is no dispute that before proceeding in federal court Plaintiff filed an action in state court that was dismissed with prejudice. ECF No. 1-1. More specifically, Plaintiff's original filing in the U.S. District Court for the District of Nevada was titled as a "Notice of Removal" attaching a variety of documents that included an order dismissing Plaintiff's appeal before the Nevada Supreme Court (the "NSC"). *Id*. at 14-15. The NSC order states the trial court dismissed Plaintiff's amended complaint on January 21, 2021, but that "no final judgment" was entered. *Id*. at 14. The NSC further explained it was the lack of a final judgment that rendered Plaintiff's appeal premature. *Id*. at 15. Thereafter, on March 4, 2021, Plaintiff's amended complaint was dismissed with prejudice and his state court case was closed. *Id*. at 16.

Plaintiff's state court action was titled "*Anthony K. Anderson v. State of Nevada Department of Corrections et al*." *Id*. Plaintiff sued James Dzurenda—Director of the Nevada Department of Corrections ("NDOC"), Jerry Howell—Warden for the Southern Desert Correctional Center ("SDCC"), the "entire executive" and "medical staff" of SDCC, and various unnamed case workers. *Id*. According to the order dismissing his case, Plaintiff's claims included deliberate indifference to medical needs, bias and prejudice based on a class of one, and various state law claims. *Id*. at 17. The state court interpreted Plaintiff's amended complaint as attempting to state an Eighth Amendment deliberate indifference claim and an Americans with Disabilities Act ("ADA") claim.

3

*Id*. Plaintiff did not file an appeal following the state court's March 4, 2021 dismissal, and instead commenced this action in federal court on March 29, 2021. ECF No. 1.

The Court screened Plaintiff's Complaint (after opportunities to amend) entering an order on January 4, 2022. ECF No. 28. The Court allowed Plaintiff's Title II ADA claim and Eighth Amendment deliberate indifference claims to proceed. *Id*. at 7. Served Defendants answered Plaintiff's operative complaint (ECF Nos. 70, 96, 98) and no motion to dismiss was filed until December 26, 2024, when the currently pending Motion to Dismiss was submitted to this Court. ECF No. 112.

As indicated above, Defendants seek dismissal based on claims preclusion. *Id*. at 5. Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 412 (2020). *See also Christ v. Trump*, Case No. 22-cv-02402-JCS, 2022 WL 1446820, at *3 (N.D. Cal. Apr. 20, 2022). Under claim preclusion, "[i]f a later suit advances the same claim as an earlier suit between the parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Lucky Brand*, 590 U.S. at 412 (internal quote marks and citation omitted). "Suits involve the same claim (or cause of action) when they arise from the same transaction." *Id*. (internal citation, quote marks, and brackets removed). Said slightly differently, claims preclusion is found when (1) there was a final judgment on the merits, (2) the same claim or cause of action was involved in both suits, and (3) the parties are identical or in privity. *Owens v. Kaiser Found, Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). This standard is identical to the standard applied in Nevada. *Mendenhall v. Tassinari*, 403 P.3d 364, 368 (Nev. 2017) (internal citation omitted). And, as explained in *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81 (1984):

> In *Allen v. McCurry*, 449 U.S. 90, … (1980), this Court said: "Indeed, though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so...." *Id*. at 96 ….

4

                    a.      <u>A preliminary peek evidences a final judgment was entered</u>.

Here, there can be no dispute that the state court considered Plaintiff's amended complaint and dismissed the same with prejudice on the merits. And, as explained in *Catamount Properties 2018, LLC v. Paed*, Case No. 19-cv-08123-ECM, 2020 WL 893785, at *1 (N.D. Cal. Feb. 25, 2020), "removal is generally not possible where the state court, as here, has issued a judgment …." *Id*. citing, *inter alia*, *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court."); *Aurora Loan Servs., LLC v. Allen*, 762 Fed.Appx. 625, 628 (11th Cir. 2019) ("We find the reasoning of our sister circuits persuasive and hold that, insofar as Allen attempted to remove the foreclosure action and final judgment, there was no state-court action pending at the time to remove, inasmuch as nothing remained for the state court to do but execute the judgment."); *Oviedo v. Hallbauer*, 655 F.3d 419, 423-24 (5th Cir. 2011) ("Removal is simply not possible after a final judgment and the time for direct appellate review has run."); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) ("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal court for further litigation.").[1]

Thus, while this Court allowed Plaintiff's claims to proceed through its January 2022 screening order, and it took Defendants three years to argue this was error, the outcome seems undeniable. That is, this case was removed after a final judgment entered by the State Court of

---

[1] The Court recognizes that Plaintiff had a motion for reconsideration of the state court dismissal pending at the time of his removal to federal court. However, numerous courts have denied removal where motions for reconsideration were pending because removal cannot be as a means to appeal a state court decision to federal court. *Handlon v. Allis–Chalmers Coal Gas Corp.*, 666 F.Supp. 153, 154 (S.D. Ill. 1987); *Kiddie Rides USA, Inc. v. Elektro–Mobiltechnik GmbH*, 579 F.Supp. 1476, 1479-80 (C.D. Ill. 1984); *Bolivar Sand Co. v. Allied Equipment, Inc.*, 631 F.Supp. 171, 172-73 (W.D. Tenn. 1986); *In re 73rd Precinct Station House*, 329 F.Supp. 1175, 1178 (E.D.N.Y. 1971). A review of Plaintiff's initial filing, titled a Motion to Remove (ECF No. 1-1), demonstrates Plaintiff was unhappy with the state court outcome and sought a different outcome from the federal court. The Court finds under these circumstances, removal was Plaintiff's effort to obtain what amounts to a second bite at the same claims, which is antithetical to the doctrine of claims preclusion.

Nevada. Not only was there nothing to remove, but that final judgment appears to satisfy the first prong of claims preclusion which could bar this claim.[2]

        b.    <u>The same claims are asserted</u>.

Plaintiff's claims, considered and dismissed by the state court, alleged a violation of the Eighth Amendment based on deliberate indifference to serious medical needs and claims of bias and prejudice interpreted under the Americans with Disabilities Act. ECF No. 1-1 at 18-21. Even if this Court disagrees with the state court's finding regarding these claims, which it clearly did when it screened Plaintiff's operative complaint allowing the Eighth Amendment and Title II of the ADA claims to proceed (ECF No. 28 at 7), this does not change the fact that a preliminary peek shows the same claims were asserted and the second prong of claims preclusion is likely met.

        c.    <u>The parties are privies</u>.

The doctrine of claims preclusion applies "even when the parties are not identical" because "privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (citation and internal quotation marks omitted). A review of Plaintiff's state court amended complaint, as summarized by the court in its dismissal order, shows Plaintiff sued NDOC, its Director James Dzurenda, the SDCC Warden Jerry Howell, the entire SDCC executive and medical staff, and various SDCC case workers. ECF No. 1-1 at 4. Plaintiff's original filing in this Court demonstrates he is again bringing suit against NDOC, James Dzurenda, Jerry Howell, the entire medical staff of SDCC, and various SDCC case workers. ECF *Id*. at 4. *See also* Plaintiff's First Amended Complaint adding additional medical personnel as well as identifying by name the unnamed case workers listed in his state court matter. ECF No. 8 at 3-6. The Court

---

[2] While Plaintiff says the state court failed to "liberally construe" his amended complaint, Plaintiff's next sentence states only that he is not precluded "from refiling the same claim against the same parties … in a different court." ECF No. 116 at 6 *citing Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 498 (2001). *Semtek* involved a case removed to federal court on diversity grounds, which is not the asserted basis for jurisdiction here. The Supreme Court in considering claims preclusion explained: "if California law left petitioner free to sue on this claim in Maryland even after the California statute of limitations had expired, the federal court's extinguishment of that right (through Rule 41(b)'s mandated claim-preclusive effect of its judgment) would seem to violate this limitation." *Id* at 503-04. The Supreme Court's concerns was not whether a state court's final decision on the merits of a claim that could have been brought in federal court had preclusive effect, but whether "a rule governing the effect that must be accorded federal judgments by other courts" could impact state court rules and "violate the federalism principle." *Id*. at 504. There is no state court rule or principle at issue in this case. The Court finds the reasoning in *Semtek* inapplicable to the case at bar.

finds it is substantially likely that medical personnel operating at the same NDOC facility share a commonalty of interest in Plaintiff's claims as it is these personnel that Plaintiff identifies as failing to provide adequate medical care. NDOC, its director, the SDCC Warden, and case workers are identical defendants. Thus, the Court finds the parties are identical or privies and the third prong of claims preclusion will likely be met.

    C.    <u>No Discovery is Needed to Resolve the Motion to Dismiss, and Remaining Arguments are Unavailing</u>.

The records before the Court are sufficient to allow a substantive decision on the merits of the Motion to Dismiss without discovery. Indeed, the state court record, together with the federal court docket, is all that is needed to examine the issue of claims preclusion. The Court does not consider Defendants' argument regarding the inefficiencies of allowing discovery to proceed as this is not a basis to stay the discovery in federal court. *Turner Broad. Sys.*, 175 F.R.D. at 556. Plaintiff raises immunity in its opposition to the Motion to Dismiss, but Defendants do not seek dismissal on this basis.

**III.    Order**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery (ECF No. 113) is GRANTED.

IT IS FURTHER ORDERED that no later than fourteen (14) days after resolution of the Motion to Dismiss, if not fully dispositive of this case, the parties must file a discovery plan and scheduling order addressing all remaining discovery to be conducted.

IT IS FURTHER ORDERED that the Motion to Compel Discovery (ECF No. 122) is DENIED as moot.

Dated this 20th day of March, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE