# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Anthony K. Anderson,

                      Plaintiff

    v.

Nevada Department of Corrections, et al.,

                    Defendants

Case No. 2:21-cv-00514-CDS-EJY

**Order Granting Defendants'
Motion to Dismiss**

[ECF No. 112]

      Defendants Nevada Department of Corrections (NDOC), Dr. Romeo Aranas, Sonya (Carrillo) Clark, Dr. Henry Landsman, and Rebecca (Kozloff) Florio,[1] move to dismiss plaintiff Anthony Anderson's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. §§ 1915(e)(2)(b)(ii)–(iii), arguing that this case was improperly removed from state court and Anderson's claims are precluded. Mot., ECF No. 112.[2] I held a hearing and ordered supplemental briefing from the parties addressing: (1) "What impact on procedure does an order dismissing a case with prejudice have out of the Eighth Judicial? What case law to rely on and does that mean that it has been decided on the merits?"; (2) "Ninth Circuit case law addressing if and when claim preclusion can be waived"; and (3) whether the pending motion to dismiss should be converted into a motion for summary judgment. ECF No. 128; ECF No. 129. Each party submitted their supplemental briefs. Pl.'s suppl., ECF No. 130; Defs.' suppl., ECF No. 131. For the reasons below, I grant defendants' motion to dismiss.

## I.      Background

      The motion to dismiss arises partly out of the initial filing in this case, which Anderson styled as a notice of removal from his previous case in the Eighth Judicial District Court, Clark County, Nevada. ECF No. 1-1. Anderson had previously filed a suit, based in part on Americans

---

[1] Aaron D. Ford, Attorney General of the State of Nevada, and Kyle L. Hill, Deputy Attorney General are also named in the motion, but neither are defendants in the operative complaint.
[2] This motion is fully briefed. *See* Resp., ECF No. 116; Reply, ECF No. 119.

with Disabilities Act and Eighth Amendment claims. State compl., *id.* at 6–13. Anderson requested in his removal notice that this court "grant petitioner's notice of right to consent to disposition of civil cases # A-19-795566-C Supreme Court #82430 due to the eneffective asstence [sic] of 8th District Courts bias actions with a deliberate indifference to Petitioner." Notice of removal, *id.* at 1–2. He points to several ex parte communications involving the Eighth Judicial District Court and denial of his arguments as evidence of the alleged bias. *Id.* As I explained in the hearing: "as I am required to liberally construe pro se filings, I see why Judge Youchah didn't find it to be removal, but, rather, an attempt to initiate a new case. And so, I'm not going to grant the motion [to dismiss] on that ground."

The remaining issue is claim preclusion. In the case before the Eighth Judicial District Court, Anderson sued NDOC, Nevada Prison Director James Dzurenda, Warden Jerry Howell, as well as the entire executive and medical staff of Southern Desert Correctional Center (SDCC). ECF No. 1-1 at 4, 6, 14.[3] As I explained during the hearing, the state case was dismissed with prejudice; this is undisputed. *See* ECF No. 1-1 at 22; *see also* ECF No. 130 at 3 ("In the case at bar, the state court's dismissal with prejudice was based upon a pro se litigant's failure to state a claim."); ECF No. 131 at 3 ("Here, the Eighth Judicial District Court granted defendants' motion to dismiss on March 29, 2021, and dismissed the case with prejudice."). During the hearing, Anderson argued that defendants "explicitly waived" their claim preclusion argument because they failed to object to Magistrate Judge Youchah's report and recommendation (R&R) on the screening of the initial complaint, which was adopted by this court.[4] However, as I explained during the hearing, the R&R on the screening occurred before the defendants were even served, so they could not have objected. Because the parties had yet to present sufficient case law as to whether a claim preclusion argument *could* be waived in the first place—and in what

---

[3] I take judicial notice of the filings and orders in the A-19-795566-C case attached to Anderson's notice of removal docketed at ECF No. 1-1. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[4] This case was initially handled by District Judge Andrew P. Gordon but was reassigned to me on March 20, 2023. ECF No. 61.

circumstances—I ordered supplemental briefing on this issue. In considering the claim preclusion factors, I also ordered supplemental briefing on the issue of whether the state court judgment could be considered a judgment on the merits.

## II.    Legal standard

A court must dismiss an *in forma pauperis* (IFP) case "at any time if the court determine that . . . the action . . . (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim in appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is required under § 1915 when the legal theories advanced are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The preclusive effect of a state court judgment is determined by the law of that state. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). For claims to be precluded, Nevada law requires (1) privity among the parties, (2) a valid final judgment, and (3) the claims to be identical. *Weddell v. Sharp*, 350 P.3d 80, 85 (Nev. 2015).

## III.    Discussion

First, I find that there is no reason to convert this motion into a motion for summary judgment. As this case is proceeding IFP, dismissal can occur at any time, even after an answer has been filed. 28 U.S.C. § 1915(e)(2)(B). I find that it is not necessary to convert defendants' motion to dismiss into either a motion for summary judgment or a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings, as defendants request in their supplement. *See* ECF No. 131 at 5–6. Having resolved this issue, I turn to claim preclusion.

### A.  Privity of parties

Defendants argue that there is privity; among the parties named in the state court amended complaint were the NDOC, Director James Dzurenda, Warden Jerry Howell, and the entire executive and medical staff of SDCC. ECF No. 1-1 at 16. In his third amended complaint

(TAC)[5] in this case, Anderson sued NDOC, SDCC physician Dr. Henry Landsman, NDOC Medical Director Dr. Romeo Aransas, SDCC Senior Correctional Officer Rebecca Kozloff, NDOC Chief Nursing Officer Sonya Carrillo R.N.[6] TAC, ECF No. 93 at 2. Defendants first argue that the first amended complaint in *this case* also named NDOC, Dzurenda, Howell, and the entire executive and medical staff of SDCC and therefore the parties are in privity. ECF No. 112 at 9. The first amended complaint in this case is irrelevant because Anderson has since filed not one but two additional complaints that have superseded the first amended complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997))). However, they also argue that "[a]ll Defendants were named because of their employment with the State of Nevada, specifically because they were allegedly involved in the denial of adequate medical care and disability accommodation to Anderson while he was incarcerated within NDOC" and therefore there is privity. ECF No. 112 at 9.

In response, Anderson states that he "will not delve into the elements" of claim preclusion and that "[i]t suffices to state that all parties/privies are not the same in the State versus Federal court complaints . . . ." ECF No. 116 at 6. During the hearing, when asked about privity, counsel for Anderson argued that the current defendants, and those named in the state case, were not in privity because the state case defendants encompassed under the entire SDCC executive and medical staffs were so general as to effectively be naming "doe defendants" and that in the present case each person is named specifically. However, when further pushed on this issue, counsel for Anderson asserted that: "they should have been individually named

---

[5] The TAC is actually the fourth amended complaint, because Anderson previously filed a "third amended complaint" at ECF No. 48. However, for purposes of this order, "TAC" refers to ECF No. 93.

[6] Defendant Dr. George Kelly was dismissed with prejudice from the case. ECF No. 115. Anderson also identifies "Defendants, DOES 1 through 30, ROE CORPORATIONS 1 through 30; DOE PHYSICIANS 1 through 30; DOE NURSES 1 through 30; DOE CORRECTIONS OFFICERS 1 through 30; DOE EMPLOYEES 1 through 30; and ROE THIRD PARTY CONTRACTORS 1 through 30, inclusive," none of whom who have been identified to this point in litigation. ECF No. 93 at 2.

instead of generally named. And so they wouldn't have notice of this particular action against them individually if they weren't individually named. So it's a fairness issue as well and a notice requirement" and "they have to be notified that they're being sued on this action in order to have preclusive effects against them individually." Counsel for Anderson could not provide any case law for this contention, and I have been unable to find any, either.

"[P]rivity does not lend itself to a neat definition, thus determining privity for preclusion purposes requires a close examination of the facts and circumstances of each case." *Mendenhall v. Tassinari*, 403 P.3d 364, 369 (Nev. 2017). However, it "now encompass [sic] a relationship in which 'there is substantial identity between parties, that is, when there is sufficient commonality of interest.'" *Id.*

I find that for purposes of claim preclusion, the parties are in privity. Anderson is the plaintiff in both cases. *See* ECF No. 1-1 at 16; ECF No. 93 at 1. NDOC was named in both the operative state complaint and the TAC. *See* ECF No. 1-1 at 16; ECF No. 93 at 1–2. Kozloff is a Senior Correctional Officer at SDCC, which falls squarely under "entire executive and medical staff of" SDCC. *See* ECF No. 1-1 at 16; ECF No. 93 at 2. Dr. Landsman is a Physician for SDCC, which also fall squarely under "entire executive and medical staff of" SDCC. *See* ECF No. 1-1 at 16; ECF No. 93 at 2. The remaining defendants are Dr. Aranas and Carrillo, who serve as the Medical Director and Chief Nursing Officer of NDOC, respectively. ECF No. 93 at 2. Despite neither of these individuals being named in the original complaint—or falling directly into one of Anderson's state complaint's broad categories—I nonetheless find that there is a sufficient commonality of interest between Aranas and Carrillo and the "entire medical staff" of SDCC. Anderson describes Dr. Aranas as having been "responsible for the provision of medical care services of individuals in NDOC's custody, the use of care in the management in the administration of medication, together with the care, safety, diagnosis, and/or treatment of all prisoners incarcerated there." *Id.* The only specific allegation raised against Dr. Aranas is that "[w]hen Anderson saw Doctor Romeo Aranas about the returned lesion around Anderson's ear,

Dr. Aranas told Anderson that it was nothing more than scar tissue." *Id.* at 13. Because it appears that Aranas's role in this lawsuit involves his care for Anderson while in SDCC custody, I find that there is sufficient commonality of interest between him and at least some of the individuals who compose the "entire medical staff" of SDCC.

Anderson describes Carrillo as being "responsible for the provision of medical care services to individuals in NDOC's custody, the use of care in the management in the administration of medication, together with the care, safety, diagnosis and/or treatment of all prisoners incarcerated there." *Id.* at 2. He alleges that Carrillo "on information and belief, . . . actually did complete ADA accommodation forms for Anderson but never forwarded these forms to the ADA Coordinator for review." *Id.* at 10. Like Aranas, I find that these allegations arise out of responsibilities of members of the entire executive and medical staff of SDCC and find no argument or evidence suggesting that these responsibilities were unique to her NDOC chief nursing role, especially considering all of Anderson's allegations arise out of his treatment and search for accommodations at SDCC. Therefore, I find the parties to the operative state complaint and the TAC to be in privity.

### B. Valid final judgment

There is no dispute that Anderson's state case was dismissed with prejudice. However, I requested that the parties provide additional briefing on whether—and to what extent—state court dismissal with prejudice becomes a decision on the merits subject to claim preclusive effect. *See* ECF No. 128. In both parties briefing, they agreed that "a Nevada state court order dismissing a matter with prejudice is a valid final judgment or on the merits." Pl.'s suppl. br., ECF No. 130 at 2 (citing *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 716 (Nev. 2008)); Defs.' suppl. br., ECF No. 131 at 2. However, Anderson argues that: "dismissals with prejudice that operate on the merits usually involve a full and fair litigation of the matters unless there is a willful discovery misconduct or other egregious conduct" and "[i]n the case at bar, the state court's dismissal with prejudice was based upon a pro se litigant's failure to state a claim—a pleading

issue, not an egregious or willful discovery misconduct." ECF No. 130 at 3. He argues that additional leniency should be granted because he was a pro se litigant attempting to navigate the state and federal processes. *Id.* at 4. This novel approach advocated for by Anderson, though interesting, does not comport with the clear language of Nevada Rule of Civil Procedure 41(b) and the state's courts. *See Five Star Cap.*, 194 P.3d at 715 ("As the dismissal in the first suit was based on a rule other than NRCP 41 and was not based on the lack of jurisdiction, improper venue, or failure to join a party exception, it falls under the 'any dismissal not provided for in this rule' language and, thus, 'operates as an adjudication upon the merits.'" (quoting Nev. R. Civ. P. 41(b))). Thus, I find that the state case was a valid final judgment.

### C. Identity of claims

For the claims in a subsequent suit to merit claim preclusion, the subsequent action must be "based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Cap.*, 194 P.3d at 713. In their motion, defendants argue that Anderson's claims in his TAC, which date as far back as 2012 when he was diagnosed with Kimura's disease, and May 2, 2017, when he was placed on a medical lay-in order that he could not work while in prison based on his then-existing medical condition, arose prior to his 2019 state lawsuit. ECF No. 112 at 9–10 (citing ECF No. 93 at 5, 12). They assert these are the same claims—under the Eighth Amendment and the ADA—that were raised in his operative state court complaint, and that were ultimately dismissed with prejudice. *Id.* (citing ECF No. 1-1 at 16–22). I agree. His claims in his state case arise primarily out of his Kimura's disease and SDCC's subsequent alleged mishandling of his treatment. ECF No. 1-1 at 16–22. In the case at bar, he also raises issues concerning the medical lay-in order, which appears new to this case. *See* ECF No. 93 at 5, 8. However, these claims are closely related to his medical needs claims and arose well before his 2019 state lawsuit. *See* ECF No. 93 at 8 ("After not receiving a release from medical following his medical lay-in on or around May 2, 2017, Anderson explicitly requested a light duty work assignment on July 6, 2018, through a Medical Kite."). I find that, even if the claims aren't

actually identical, Anderson was not prevented from raising them in his prior lawsuit. So the "identity of claims" requirement is satisfied.

### D.  Waiver of claim preclusion

After addressing that defendants' failure to object to the magistrate judge's order screening this case did not constitute waiver during the hearing, I ordered the parties to brief whether defendants' delay in raising the claim preclusion issue could nonetheless constitute waiver. Anderson relies heavily on *Clements v. Airport Authority of Washoe County*, in which the Ninth Circuit recognized that preclusion can not only be waived, but also excepted where a party was not given a "full and fair opportunity" to litigate his claims. ECF No. 130 at 4–5 (citing 69 F.3d 321, 328 (9th Cir. 1995)). Anderson argues that he did not receive a full and fair opportunity to litigate his claims in state court because "his matters appeared to have been dismissed relatively earlier in the pleading stages, because he failed to properly state claims for relief" and dismissal with prejudice was an atypical outcome for pleading failures, ultimately preventing Anderson from arguing his case on its merits. *Id.* at 5. I disagree that he was not offered a full and fair opportunity to litigate his claims. In *Clements*, the Ninth Circuit explains that a litigant in state court does not get a "full and fair opportunity" to litigate when the state court proceedings "fail to comply with the minimum standards of due process." *Clements*, 69 F.3d at 328. Here, the dismissal with prejudice occurred earlier than is typical, but Anderson was provided an opportunity to amend his complaint before the ultimate dismissal. Even with two chances, Anderson was unable to sufficiently articulate his arguments to such an extent that the state court judge found that prejudice was warranted. Nothing about his state court proceedings reeked of Anderson not being afforded "the minimum standard of due process" in Nevada court.

Regarding waiver of claim preclusion specifically, Anderson again cites *Clements*, in which the Ninth Circuit acknowledged that waiver of claim preclusion is possible if (1) it was not raised in the pleadings, (2) the defendant failed to object to the prosecution of split

proceedings while both proceedings are still pending, or (3) claim preclusion was asserted late. ECF No. 130 at 5 (citing 69 F.3d at 328–29). Because defendants raised claim preclusion as an affirmative defense in their answer, Anderson does not contest this. *Id.* However, he argues first that defendants failed to object to the prosecution of split proceedings while both proceedings were still pending because Anderson's three other federal cases—2:21-cv-02099-RFB-BNW, 2:22-cv-00127-ART-BNW, and 2:22-cv-00734-GMN-VCF—were all pending concurrently with the state action. *Id.* at 5–6. Having reviewed the dockets of these three cases, all three were about issues different from the present case and the state case in question and all were dismissed before defendants were even served. Therefore, I find that defendants had no reason, much less availability, to object to split proceedings. Additionally, it should be noted that the case at bar was not filed until after the state proceeding concluded.

Finally, Anderson argues that the defendants' claim preclusion argument is late: "There are over 120 documents that have been filed in the present case – parties have engaged in a settlement conference, exchanged disclosures, expended time reviewing voluminous disclosures, Plaintiff's expert was retained, and expert report costs have been incurred." *Id.* at 6. The central issue here is how far back the court should look. On one hand, this case now exceeds 130 docket entries and has been litigated since 2021. On the other, the TAC was not filed until April 29, 2024, and sits at ECF No. 93. Further, res judicata was raised as an affirmative defense in defendants' first answer, filed in April 2023. ECF No. 70 at 8. Because defendants have maintained this claim consistently throughout this case, the TAC is relatively recent, especially given defendants' dismissal motion was filed in December of last year, I find that, although it would have been more convenient and served the judicial economy to have filed this motion earlier, there is nothing procedurally improper with this motion being filed now. Thus, I find that defendants did not waive their claim preclusion argument, nor is the state case exempted from being precluded.

### E.    Claims that post-date the state action

There is a bright-line rule that "claim preclusion does not apply to claims that accrue after the filing of the operative complaint." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017). Anderson argues that "any claims, even continuing claims, and new claims post-dating the state court complaint filing on January 30, 2020, would not be precluded through at least July 2024, the date of Plaintiff's release from prison." ECF No. 130 at 7. Anderson also raised this same argument in his response to the motion. *See* ECF No. 116 at 6–7 ("[E]ven if Defendants could prove that Plaintiff's Federal court claims are precluded by the doctrine of res judicata because of the earlier filed State court action, Defendants cannot bar Plaintiff from bringing ongoing, continuing violations or new claims for violations of his rights under the ADA, § 1983, or the U.S. Constitution after the dismissal date."). In defendants' reply (and their supplemental brief), they do not address continuing claims and claims that post-date the filing of the operative complaint in the state action. If Anderson wishes to pursue these claims, he may file a new action in this court. However, his complaint must be limited to claims that accrued *after* the filing of his state court complaint, as any viable claim would not be barred by this or the state court action.

### IV.    Conclusion

IT IS THEREFORE ORDERED that defendants NDOC, Dr. Romeo Aranas, Sonya Carrillo, Dr. Henry Landsman, and Rebecca Kozloff's motion to dismiss **[ECF No. 112] is GRANTED** and Anderson's third amended complaint is dismissed with prejudice.

IT IS FURTHER ORDERED that should Anderson seek to pursue claims that accrued after the filing of the operative complaint in the Nevada state action, he may do so in a newly filed action. The Clerk of Court is kindly instructed to close this case.

Dated: June 17, 2025

_____
Cristina D. Silva
United States District Judge